﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 190612-56639
DATE: April 30, 2021

ORDER

New and relevant evidence having not been received, readjudication of a previously denied claim for entitlement to compensation under 38 U.S.C. § 1151 for cluster headaches is denied.

FINDINGS OF FACT

1. A final November 2013 rating decision denied entitlement to compensation under 38 U.S.C. § 1151 for cluster headaches.

2. New and relevant evidence was not received after the November 2013 denial to warrant readjudication of the claim for entitlement to compensation under 38 U.S.C. § 1151 for cluster headaches.

CONCLUSIONS OF LAW

1. The November 2013 rating decision that denied entitlement to compensation under 38 U.S.C. § 1151 is final. 38 U.S.C. § 7105(c); 38 C.F.R. §§ 3.104, 3.156, 20.302, 20.1103. 

2. The criteria for readjudicating the claim for compensation under 38 U.S.C. § 1151 for cluster headaches have not been met. 38 U.S.C. § 5108; 38 C.F.R. § 3.156(d), 3.2501.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active duty service from 1964 to 1968.

This matter comes before the Board of Veterans’ Appeals (Board) from a January 2016 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran seeks compensation under 38 U.S.C. § 1151 for injury to his jaw, resulting in cluster headaches, which the Veteran claims began after a 1969 surgical procedure at a VA hospital. 

As an initial matter, the Board notes that the records from a 1969 jaw surgery are not available despite a search by the RO. 

A rating decision was issued under the legacy system in November 2013. The Veteran did not appeal the rating decision within the one-year appeal period following the notice of that decision. Accordingly, the November 2013 legacy rating decision became final. Under the legacy review system, and absent a clear and unmistakable error, a final denial cannot be reopened unless new and material evidence has been received. 

In October 2015, the Veteran filed a claim for cluster headaches, secondary to surgery performed at a VA medical center. In a January 2016 rating decision, the agency of original jurisdiction (AOJ) found that new and material evidence had not been received and denied the claim. The Veteran filed a new claim for compensation, received in September 2016, claiming entitlement to compensation under Section 1151 for cluster headaches that occurred as a result of surgery performed at a VA medical center. In a November 2016 rating decision, the RO again found that new and material evidence had not been received and declined to reopen the claim. The Veteran filed a Notice of Disagreement in December 2016 and elected the Decision Review Officer (DRO) Review Process. An informal conference was held in February 2019. The RO again declined to reopen the Veteran’s claim in a May 2019 Statement of the Case (SOC). 

In the June 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Hearing docket, opting into the Appeals Modernization system from the May 2019 SOC. The Veteran testified before the undersigned Veterans Law Judge at a November 2020 hearing. A transcript of the hearing is of record.

As the Veteran elected the Hearing docket, the Board may only consider the evidence of record at the time of the May 2019 SOC, as well as any evidence submitted by the Veteran or his representative at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a). The RO found that new and material evidence had not been received regarding the issue of compensation for cluster headaches under 38 U.S.C. § 1151. Thus, the Board must determine whether new and relevant evidence has been received based only on the evidence of record at the time of the May 2019 SOC, as well as any evidence submitted by the Veteran or his representative at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a).

New and Relevant Evidence

The AMA introduces the new standard of new and relevant evidence. The statute defines relevant evidence as “information that tends to prove or disprove a matter at issue in a claim.” 38 C.F.R. § 3.2501(a)(1), 19.2. This is a change from the definition of material evidence, which requires “evidence that relates to an unestablished fact necessary to substantiate the claim.” 38 C.F.R. § 3.156(a). It is noted that the statutory definition of relevant does not require that the new evidence relate to an unestablished fact or substantiate the claim. While the most recent rating decision applied the standard of new and material evidence, this decision is written consistent with the Appeals Modernization framework into which the Veteran opted; as such, the Board will evaluate the evidence using the new and relevant evidence standard. 

After review of the pertinent evidence of record, the Board finds that new and relevant evidence has not been submitted to readjudicate the claim. In this regard, the records regarding the Veteran’s 1970 jaw surgery (which is not at issue) submitted in November 2020 were already of record when the RO issued the November 2013 rating decision. As such, the records were not new, and further, do not tend to prove or disprove a matter at issue, namely, if a 1969 jaw surgery caused his cluster headaches. While the 2015 to 2017 VA treatment records were new in that they were not of record when the November 2013 rating decision was made and they provide information about the Veteran’s cluster headache treatment, they do not address the Veteran’s contention that his 1969 jaw surgery caused his cluster headaches, which is the matter at issue. Thus, those records neither tend to prove or disprove a matter at issue, and are not relevant. 

Therefore, readjudication of the claim of entitlement to compensation under 38 U.S.C. § 1151 is not warranted, and the appeal must be denied. 

 

 

MICHAEL E. KILCOYNE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board V. Geer, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.